# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| vs. ) | Criminal No. 2:20cr527 |
| ) | |
| Abraham Elijah Jenkins. ) | |
| Defendant. ) | **ORDER** |
| ) | |

Due to the emergency circumstances created by the COVID-19 pandemic, the District Court has been given the authority and developed the capacity to conduct criminal sentencings via video or telephone for defendants presently detained in a detention facility. These proceedings have several significant limitations, the most notable being that the defendant is not personally in the presence of the District Judge and cannot make an in-person appeal to the Court. Other limitations include a capacity to include only four locations via video (with three being used by the defendant, defense attorney, and District Judge) and the likely necessity that witnesses and family members wishing to speak on behalf of the defendant would be participating over telephone lines.[1]

The Court's present intention is to schedule video or telephone sentencings only where the defendant consents to such a hearing and there is a likely time-served sentence or where a sentence is fixed by law or by agreement. Otherwise, the Court will continue the sentencing hearing until in-person proceedings can be accomplished without placing undue health risks on defendants, their families, court personnel, attorneys, and others who may wish to attend the

---

[1] Where video sentencing is not available, the District Court is authorized to conduct sentencings via telephone only. The Court views telephone hearings to have the same limitations, if not more, than video sentencing.

sentencing. In the event that a defendant who does not have a likely time-served sentence or a sentence fixed by law or agreement desires nonetheless to schedule a video or telephone sentencing, the defendant may move before the Court to conduct such a sentencing. The motion should state that the defendant has obtained advice of counsel on the issue and is aware of the limitations imposed by a video or telephone sentencing and the right to have an in-person proceeding at a later date. The motion should also advise the Court of the number of family members or friends who wish to speak at the sentencing, as well as any objections to the Presentence Report that may require the presence of witnesses to testify. Any motion should include a certification from the defense attorney that he or she has fully consulted with the defendant regarding the motion for video or telephone sentencing. The Government will be asked to respond to any defense motion for a video and telephone hearing and advise the Court whether any victim wishes to be heard at the sentencing and, if so, whether the victim objects to a video or telephone hearing.

The Court will then consider and rule on the motion. Any decision will be made by the Court after carefully weighing whether the limitations of video or telephone sentencing may interfere with the Court's ability to conduct a proper and appropriate sentencing hearing.

**AND IT IS SO ORDERED.**

S/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 10, 2021
Charleston, South Carolina